NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD LONG, <br><br> Petitioner, <br><br> v. <br><br> STEVE JOHNSON, et al., <br><br> Respondents. | Civil Action No. 15-3732 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge:**

Petitioner Ronald Long ("Petitioner"), confined at Northern State Prison in Newark, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254,[1] challenging a sentence imposed by the State of New Jersey for murder and other offenses, and challenging the denial of parole. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For reasons stated below, the Court dismisses the Petition.

## I. FACTUAL BACKGROUND

For the purposes of this Opinion, the Court construes all facts alleged in the Petition as true, and recites only relevant facts. In October 1985, Petitioner was convicted of murder and other offenses by the State of New Jersey, and was sentenced to the death penalty. (Pet.'s Br., ECF No. 1-2 at 4.) Since Petitioner received the death penalty, state law did not require the filing

---

[1] Petitioner had filed the Petition inappropriately under § 2241. The Court, in its October 13, 2015 Order, converted the Petition to a § 2254 petition. (ECF No. 3.)

of a pre-sentencing report ("PSR") for sentencing purposes. (*Id.*) In November 1985, Petitioner was sentenced to an additional 61.5 years of imprisonment, consecutive to the death sentence, for other offenses. (*Id.*) No PSR was filed for this sentencing, likely because of the death sentence. (*Id.*) In June 1990, the New Jersey Supreme Court reversed the murder conviction and ordered a new trial. (*Id.*) In April 1991, the state moved to dismiss the capital murder charge, but requested that Petitioner remain sentenced for the other offenses. (*Id.* at 5.) Petitioner then sought post-conviction relief ("PCR"). (*Id.*)

While his PCR application was ongoing, in 1993, the State filed a motion to unmerge a felony murder charge from the dismissed capital murder charge, arguing that it had sought that dismissal by mistake. (*Id.*) On March 11, 1994, Petitioner was sentenced to life imprisonment with 30 years of parole ineligibility for the felony murder, to be served concurrently with his 61.5 year sentence. (*Id.* at 5-6.) Again, no PSR was filed for that sentence, even though the death penalty had been dismissed. (*Id.*) Both sentences were affirmed by the Appellate Division on PCR review, and certification was denied by the New Jersey Supreme Court. (*Id.* at 6); *see State v. Long*, Indictment No. 85-04-0519, 2013 WL 5354512, at *1 (N.J. Sup. Ct. App. Div. Sept. 26, 2013). Petitioner then asserts that in early 2007, he filed an illegal sentence motion with the state court for being sentenced without a PSR, (Pet.'s Br. at 5), and again in January 2013, (*id.* at 7). Both motions were denied. (*Id.* at 5-8.)

Separately, by 2011, Petitioner was approaching the end of the mandatory portions of his sentences, and was potentially eligible for parole. (*Id.* at 7.) Although fully aware that no PSR had ever been filed for his sentences, Petitioner nevertheless corresponded with the state regarding their efforts to obtain Petitioner's PSR for the purposes of parole review. (*Id.*) Petitioner was denied parole on March 13, 2014. (App. to Pet., ECF No. 1-3 at 63.) The instant Petition followed.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *accord United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted if it appears on the face of the petition that petitioner is not entitled to relief. *See McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

### A. Sentence and Conviction

It is not clear from the Petition whether Petitioner is challenging just his parole denial or his original sentence as well. To the extent that Petitioner is challenging the sentence, Petitioner is barred by AEDPA's statute of limitations.[2]

---

[2] To be sure, it is probable that Petitioner does not intend to challenge his sentence here, and has simply provided the Court with background information regarding his denial of parole claim. Nevertheless, the Court addresses the potential challenge to the sentence out of an abundance of caution, on a liberal construction of the Petition.

AEDPA requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court has held that, even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "includ[es] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally,

a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (internal citations and alterations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence[.]" *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* (internal quotation omitted). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

Here, the procedural history in the state court is complicated and protracted; as noted, Petitioner made numerous filings over the years. However, based on the representation made by Petitioner himself in the Petition and the supporting brief, Petitioner's application for PCR in the state court concluded some 10 years after his conviction, on February 16, 1995. *State v. Long*, 139 N.J. 441 (1995). Thereafter, Petitioner filed an illegal sentence motion in early 2007. (ECF No. 1-2 at 6.) In between, there is no allegation that Petitioner had any filings related to his sentence or conviction pending in the state court. As such, to the extent Petitioner is challenging his sentence in the instant Petition, Petitioner is time-barred by AEDPA's one-year limitations period

for, among other things, the 12-year gap between the conclusion of Petitioner's PCR application and his illegal sentence motion, during which there was no tolling on the statute of limitations.

The Court also finds that equitable tolling is not warranted. To begin, Petitioner provides no explanation for the 12-year gap. Furthermore, given the extraordinary length of time, the Court cannot envision a set of factual circumstances which would show that Petitioner was diligent in pursuing his federal habeas claims during that entire time, but some extraordinary circumstance prevented Petitioner from pursuing his claims. As such, to the extent that Petitioner is challenging his sentence, those claims are time-barred by AEDPA.

### B. Parole Denial

Next, Petitioner claims that the state improperly denied his parole when it did not have the benefit of Petitioner's allegedly non-existent PSR. However, the Court finds that, on the face of the Petition, and considering the attachments thereto, Petitioner is not entitled to relief.

"A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies[.]" *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citation and quotation marks omitted). Parole is not a constitutionally protected liberty interest unless the state explicitly establishes procedures to offer parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication[.]" *Id.* (internal citation omitted). Moreover, even if a liberty interest has been created by the State, federal law does not control any specific methodology for calculating sentencing credit for state prisoners, and the role of the federal court is limited to the enforcement of the due

process rights created by state law. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-9 (1979).

Here, Petitioner alleges that New Jersey has established a state-created liberty interest by offering parole to prisoners, which this Court does not dispute. *See N.J. Parole Bd. v. Byrne*, 93 N.J. 192, 208 (1983) (finding that the New Jersey parole process creates a liberty interest sufficient to invoke procedural protection). In order to establish a due process violation, Petitioner must allege sufficient facts to show that the state violated his due process rights when it denied him parole.[3] However, the Constitution does not require, as Petitioner contends, that the state faithfully follow its own established procedures. *See Swarthout*, 562 U.S. at 220-21. Instead, on a federal habeas petition, because there is no constitutional right to parole, the Supreme Court has instructed that federal courts should focus only on whether the petitioner received the constitutionally required procedural protection, regardless of whether the state followed its own established procedures. As the Supreme Court has explained:

> It will not do to pronounce [the state] rule to be "a component" of the liberty interest. Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that a mere error of state law is not a denial of due process. Because the only federal right at issue is procedural, the relevant inquiry is what process [a petitioner] received, not whether the state court decided the case correctly.

---

[3] The state also has an obligation to provide Petitioner with sufficient procedural protection for a state-created right. Once a state has created a liberty interest, "minimum requirements of procedural due process appropriate for the circumstances must be observed." *Vitek v. Jones*, 445 U.S. 480, 491 (1980). "These minimum requirements being a matter of federal law, they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate[.]" *Id.* Here, however, Petitioner does not challenge the sufficiency of New Jersey's established procedures for parole; he simply alleges that those procedures were not followed in his particular case.

7

*Id.* at 221 (citations and quotations omitted). In a parole context, that minimal protection required by the Constitution is simply that the Petitioner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*

Here, Petitioner attached his Notice of Decision from the New Jersey State Parole Board to the Petition. (*See* ECF No. 1-3 at 63.) Thus, there is no question that he was provided a statement of the reasons why parole was denied. The Notice of Decision also noted that a hearing was held to determine whether Petitioner was entitled to parole, (*id.* at 66), and detailed a document Petitioner submitted as part of his parole application, (*id.* at 70). The Notice also informed Petitioner that he had "the right to file an administrative appeal of th[e] decision." (*Id.* at 72.) As such, Petitioner had not just one, but numerous opportunities to be heard. Indeed, New Jersey law specifically provides for a parole consideration hearing. *See* N.J.S.A. § 30:4-123.55(c); *Dolivek v. N.J. State Parole Bd.*, 2011 WL 3241462, at * 2 (N.J. Sup. Ct. App. Div. Aug. 1, 2011). That is all the Constitution requires.[4] *See Sum v. Clark*, No. 09-2811, 2012 WL 2521856, at *10 (E.D. Cal. June 28, 2012) (finding that a challenge to a denial of parole based on state's failure to follow its own procedures is not a cognizable federal habeas claim).

Accordingly, the Court finds that Petitioner has failed to state, on the face of the Petition, a claim that entitles him to relief, and the Petition is dismissed with prejudice.[5] *See Nickels v.*

---

[4] Petitioner also argues that the state's denial of parole, without the benefit of a PSR, violated the Equal Protection Clause. However, to establish an equal protection violation, Petitioner must show that he is either a member of a protected class, or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, there is no allegation that Petitioner was a member of a protected class, nor any allegation that Petitioner was intentionally treated differently.

[5] The Court does not afford Petitioner a chance to amend because, as stated above, the exhibits submitted by Petitioner with the Petition conclusively show that Petitioner received the constitutionally required protection from the state. Any leave to amend would be futile. *See*

*Conway*, No. 10-0413, 2015 WL 4478970, at *15 (W.D.N.Y. July 22, 2015) (summarily dismissed habeas claims because the "allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous") (quoting *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970)); *Johnson v. Romanowski*, No. 14-12251, 2014 WL 4265817, at *6 (E.D. Mich. Aug. 28, 2014) (dismissing the petition on Rule 4 screening, upon a review of the petition and its exhibits, finding the petition "plainly precludes habeas relief"); *Bland v. Ziegler*, No. 09-7, 2010 WL 703116, at *7 (N.D. W. Va. Feb. 25, 2010) (summarily dismissed a habeas petition "[i]n light of the clear weight of authority with respect to the substantive matter presented in the petition" against relief); *Archambault v. Weber*, No. 07-5087, 2008 WL 2148755, at *2 (D.S.D. May 21, 2008) (summarily dismissed a habeas petition because the petitioner "raises three issues, all of which are frivolous, and [] asserts no factual or legal questions that, upon further development, would entitle him to relief").

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV. CONCLUSION

For the reasons set forth above, the Petition is DISMISSED WITH PREJUDICE, and the Court DENIES a certificate of appealability.

An appropriate Order accompanies this Opinion.

**Claire C. Cecchi, U.S.D.J.**

Dated: August 9, 2017